UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 13-00463 JGB (SPx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | *Clarisa A. Welte v. Wells Fargo Bank, N.A.; Federal Nat'l Mortgage Ass'n* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Defendant's Motion to Dismiss (Doc. No. 50); and (2) VACATING the July 20, 2015 Hearing (IN CHAMBERS)

Before the Court is a Motion to Dismiss filed by Defendant Wells Fargo Bank, N.A. The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After reviewing and considering all papers filed in support of and in opposition to the Motion, the Court DENIES Defendant's Motion to Dismiss.

## I.  BACKGROUND

**A.     Procedural Background**

On March 12, 2013, Plaintiff Clarisa A. Welte ("Clarisa" or "Plaintiff") filed a Complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Federal National Mortgage Association ("Fannie Mae"), and Shaun Donovan, the Secretary of the US Department of Housing and Urban Development. (Doc. No. 1.) Plaintiff also applied for a Temporary Restraining Order/Preliminary Injunction ("TRO"), which the Court denied without prejudice on March 14, 2013, for failure to properly serve. (Doc. No. 3.)

On April 18, 2013, Defendants filed a motion to dismiss the Complaint (Doc. No. 8), which the Court granted in part and denied in part. ("First Order," Doc. No. 16.) Plaintiff then filed a First Amended Complaint. ("FAC," Doc. No. 17.) Defendants filed another motion to dismiss (Doc. No. 19), which the Court granted in part and denied in part. ("Second Order," Doc. No. 24.)

On December 30, 2013, Plaintiff filed a Second Amended Complaint.  ("SAC," Doc. No. 25.)  Plaintiff then voluntarily dismissed Shaun Donovan (Doc. No. 34) and Fannie Mae (Doc. No. 47).  Plaintiff also dismissed several of her claims against Wells Fargo.  (Doc. No. 49.)  Therefore, the only claims remaining in the SAC are Plaintiff's claims against Wells Fargo, specifically: (1) negligence; (2) deceit by concealment or non-disclosure; (3) constructive fraud; and (4) financial elder abuse.  (SAC ¶¶ 47-73.)

On June 17, 2015, Wells Fargo moved to dismiss all of Plaintiff's claims.[1]  ("Motion," Doc. No. 50.)  Plaintiff opposed on June 26, 2015.  ("Opp'n," Doc. No. 52.)  Wells Fargo filed an untimely reply on July 12, 2015.[2]  ("Reply," Doc. No. 52).

**B.     Factual Background**

The SAC alleges the following facts, which are taken as true for the purposes of the Motion.

Plaintiff Clarisa A. Welte is a 77-year-old widow.  (SAC ¶ 7.)  In 1959, Clarisa married Kenneth Welte.  (Id.)  They lived together as a married couple in California for over 51 years.  (Id.)  Since 1997, Clarisa and Kenneth lived in their residence at 31005 Bunker Drive, Temecula, California 92591 (the "Property"), which they held in joint tenancy.  (Id. ¶ 8.)

In early 2005, Kenneth and Clarisa were having financial troubles, which led them to respond to a newspaper advertisement for a "reverse mortgage".  (Id. ¶ 9.)  The advertisement stated that "reverse mortgages allow seniors an opportunity to remain in their home for life" and promised "peace of mind."  (Id.)  This was "exactly what [Kenneth and Clarisa] were looking for."  (Id.)  They therefore contacted Cheryl Hagar, a "Reverse Mortgage Consultant" for the Wells Fargo branch located in Moreno Valley, California.  (Id. ¶ 9.)

Hagar went to the Weltes' residence to discuss the opportunity to obtain a reverse mortgage from Wells Fargo.  (Id. ¶ 10.)  Ms. Hagar explained to the Weltes that with a reverse mortgage they would have no mortgage payments and would be able to live in their home for so long as one of them was alive.  (Id.)

---

[1] Along with the Motion, Wells Fargo filed a request for judicial notice.  (Doc. No. 51.)  Wells Fargo first requests judicial notice of a joint stipulation.  The stipulation is already part of the record in this case.  Thus, judicial notice is unnecessary and the request is DENIED.  Wells Fargo also requests judicial notice of a Notice of Recission filed on March 9, 2015.  As it is a public record, filed with the county recorder, the Court GRANTS Wells Fargo's request and judicially notices the fact that the document was filed.  See Disabled Rights Action Comm. V. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (Court "may take judicial notice of the records of state agencies and other undisputed matters of public record.")

[2] Local Rule 7-10 explains that a moving party must file a reply no later than 14 days before the date designated for the hearing of the Motion.  Thus, the reply was due on July 6, 2015.

On March 15, 2005, as required by law, Clarisa and Kenneth spoke via telephone with a counselor with the Department of Housing and Urban Development ("HUD").  (Id. ¶ 11.)  After this counseling call, but before the loan documents were signed, Kenneth spoke again with Hagar, who told Kenneth that if Clarisa was taken off the Property's title as part of the reverse mortgage transaction, Wells Fargo could provide a larger line of credit.  (Id. ¶ 12.)  Hagar explained that Kenneth could put Clarisa back on the title after the loan closed.  (Id.)  Neither Hagar nor anyone from Wells Fargo disclosed to Kenneth the problem with this stratagem; specifically, that if Kenneth died first, Wells Fargo could demand full payment of the loan balance, and if the balance was not repaid Wells Fargo could foreclose on the residence and evict Clarisa.  (Id.)

On April 29, 2005, Kenneth submitted the loan application to Wells Fargo.[3]  (Id. ¶¶ 13, 16.)  A week later, Clarisa signed the quitclaim deed.  (Id. ¶ 19.)  On May 13, 2005, the reverse mortgage loan closed.  (Id. ¶ 21.)  On May 24, 2005, Kenneth signed a Grant Deed (recorded on June 3, 2005) transferring title of the property back to himself and Clarisa as joint tenants.  (Id. ¶ 23.)  Throughout this entire process, Clarisa and Kenneth believed they would be able to reside in their home for the rest of their lives, regardless of who predeceased whom.  (Id. ¶ 22.)

On July 18, 2011, Kenneth Welte passed away.  (Id. ¶ 7.)  On February 11, 2013, a Notice of Default ("NOD") was recorded on the property.  (Id. ¶ 29.)  The NOD stated that the entire Note was due and payable as of the date of Kenneth's death.  (Id.)

## II.  LEGAL STANDARD[4]

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds

---

[3] The Application stated, "'This application is designed to be completed by the applicant(s) with the lender's assistance.  Applicants should complete this form as 'Borrower' or 'Co-Borrower', as applicable.  **Co-Borrower information must be provided when a person other than the 'Borrower' (including the Borrower's spouse) is a co-owner of the real property that will be used as a basis for loan qualification** or the Borrower's spouse is not a co-owner of the real property that shall be used as a basis for loan qualification, but the Borrower resides in a community property state or the security property is located in a community property state.'"  (SAC ¶ 14) (emphasis in FAC but not in quoted Application).  Clarisa alleges that even though she was co-owner on the property title at that time and the Weltes were located in California, a community property state, when the Application was taken "Face to Face" with Cynthia Savala (another Wells Fargo loan representative), Clarisa's information was not provided as required.  (Id. ¶¶ 13-15.)

[4] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

upon which it rests." (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

When evaluating a motion to dismiss, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III. DISCUSSION

#### A. Motion to Dismiss

Wells Fargo moves to dismiss all four of Plaintiff's remaining claims.  (Motion at 5-13.)

##### 1. Plaintiff's Claims for Negligence, Deceit, and Constructive Fraud

The Court has already ruled that Plaintiff has adequately stated a claim for negligence (First Order at 6-7, Second Order at 5), deceit (Second Order at 6), and constructive fraud (Second Order at 6-7).  Wells Fargo presents several arguments that either: (1) have previously been rejected or (2) should have been raised before.  Therefore, the Court will not address them.  See C. Wright & A. Miller, 5B Federal Practice and Procedure § 1388 (3d ed.) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.").

Wells Fargo's only novel argument is that Plaintiff cannot allege damages.  (Motion at 12.)  Wells Fargo asserts that on March 9, 2015, it rescinded the Notice of Default because it purportedly has elected to defer the loan until Plaintiff's death.  (Motion at 12).  However, Wells

Fargo's alleged decision to defer the loan is not appropriately considered on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."). Moreover, Wells Fargo's argument fails to take into account damages that may have accrued prior to its recession of the Notice of Default.

Accordingly, the Motion is DENIED as to Plaintiff's claims for negligence, deceit, and constructive fraud.

### 2. Plaintiff's Claim for Financial Elder Abuse

The Court previously dismissed with leave to amend Plaintiff's claim for financial elder abuse. (Second Order at 7-8.) The Court explained that the FAC did not allege that Wells Fargo obtained Plaintiff's property interest for wrongful use or with an intent to defraud. (Id.) Under California law, "financial abuse" of an elder requires that the taking or obtaining of the elder's property be carried out "for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1).

Plaintiff has cured this deficiency in the SAC. The SAC alleges that Wells Fargo has taken Clarisa's personal property in the form of charging her fees and commissions for the reverse mortgage loan transaction. (SAC ¶ 70.) Further, the SAC alleges that the property was "taken with intent to defraud, in that Wells Fargo failed to disclose to Kenneth and Clarisa the material consequences of taking Clarisa off the title in order to induce Kenneth and Clarisa to go forward with the transaction so that Wells Fargo would not be deprived of the lender charges and commissions from closing the loan." (Id. ¶ 71.) These allegations are sufficient at the pleading stage.

As such, the Court DENIES the Motion as to Plaintiff's claim for financial elder abuse.

### B. Request for a More Definite Statement

Wells Fargo, in the alternative, requests an order for a more definite statement so that it "can ascertain the nature and quality of Plaintiff's claims." (Motion at 13.) Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, the SAC is neither vague nor ambiguous; it clearly lays out the factual allegations and the legal claims flowing from them. The Court therefore DENIES Wells Fargo's request for a more definite statement.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Wells Fargo's Motion to Dismiss. The July 20, 2015 hearing is VACATED.

**IT IS SO ORDERED.**